The last case called for oral argument this morning is People v. Shores. Counsel, whenever you're ready, you may proceed. May it please the Court? Counsel? My name is Larry Wells. I represent the defendants of Shores in this cause. I have in my hand here a foot-long ruler and a Fahrenheit thermometer. These are representatives of commonly used measuring systems. We all know about them. If the State were to have an expert witness take the stand and testify as an expert that a foot-long ruler contains 20 inches and that 98.6 on a Fahrenheit thermometer was the boiling point of water, this Court could find for the first time on appeal that those statements were false. And that's exactly the situation that we have here. The State called a person as an expert witness who testified as an expert witness as to the attributes of the pH measuring system, which is a very commonly used measuring system. It measures the relative acid or base content of materials. Now, this person as an expert testified that the pH measuring system went up to 20, testified that the pH measuring system neutral point was 5, and that pH 2 represented a very hazardous acidic level. None of these statements are true. This lemon I have in my hand contains juice with a pH factor of 2. It's not hazmat waste. Now, we have included in the appendix reliable, authoritative material for this Court to consider to educate this Court, if necessary, on the attributes of this well-known pH system. And we'd ask this Court to consider it. The State has filed a motion asking this Court to ignore the contents of the appendix. We're taking that with the case. Yes, and that motion is taken with the case. This material in the appendix. You're free to address the motion if you wish, but I just wanted to notify both parties that we are taking the motion with the case. Yes, thank you. And the State's motion to ask this Court to ignore this material has curious arguments in support of it. The State, for example, does not dispute any of the assertions in the appendix. The State doesn't dispute that the pH factor measuring scale goes to 14. The State doesn't dispute that pH neutral is 7, and doesn't dispute that pH 2 is the acidic level of lemon juice. Now, their witness testified that pH went to 20, that pH neutral was 5. And the pH is based on a logarithm. The supposed expert wasn't off by a factor of 2. He was off by a factor of 100. Now, the reason this is important is because the defense was trying to keep evidence out, evidence that had been destroyed. And the State put this witness on to explain why it was necessary to destroy the evidence. And this witness testified as an expert that this material was contaminated and had to be destroyed. But we know from looking at the standard attributes of the pH measuring system that this witness didn't know what he was talking about. Just as if a witness were to come in and testify that there were 20 inches in this ruler that's a foot long, this court would be able to conclude that the witness was either not an expert in this field, ignorant as to the attributes of this measuring system, or perhaps this witness was really an expert and was deliberately misrepresenting the measuring system in order to get the ruling that he wanted. Just for clarification, you have not appealed the court's ruling on the destruction of evidence. Your issue on appeal is ineffective assistance of counsel in failing to properly challenge the witnesses. Yes, that's exactly right. But you have not appealed the underlying ruling with the evidence. Am I right about that? That's right. Assuming that the evidence was correct, that this had to be destroyed under the Gallard case, there's no point in going forward. The point that the defense is making is that the ruling is unreliable because the defense attorney failed to confront the witness with the weakness in his testimony, and that is, of course, the defense attorney's primary duty to probe for weakness. The judge found here that this was a very close case, that the defense had made a very powerful argument for suppressing this evidence, but the court felt compelled to rule in the state's favor. And so even a small change in the evidence could change the outcome. And so when this witness testified to these attributes of the measuring system, it was incumbent upon defense counsel to educate himself enough to be able to confront this witness with his limitations. The court could have rejected the witness's position as an expert, could have found that the witness was trying to mislead the court, or could have found that the witness simply didn't care about his own or the truth and was saying whatever the witness thought would be convenient in order to get the necessary result. And it doesn't matter which it is because in any of those situations, the result of the hearing was unreliable. And this hearing, the transcript of this hearing, was used as evidence at the trial. Consequently, the results of the trial were also unreliable. Defense counsel was ineffective for failing to confront this witness with the weakness in his testimony. We'd ask this court to reverse the conviction, remand this case for a new trial, or at least remand this case for a new suppression hearing. I'll turn now to the second point, which is the Rule 415C matter. I'd first point out to this court that the circuit court below did not like the ruling that it had to make here. It was based on the Savage decision that came out of the Fourth District Appellate Court. The Savage court interpreted 415C to stand for the proposition that the prosecutor could have the defendant's discovery materials taken away from him in the jail. And the Savage court primarily relied upon the committee comment stating that counsel is not permitted to furnish them with copies or let them taken from his office. But that's really not the important part of that rule. The important part of the comment is the first part where it states, if the materials to be provided were to become, in effect, matters of public availability once they'd been turned over to counsel for the limited purpose for which pretrial disclosures are designed to serve, the administration of criminal justice would likely be prejudiced. That's the important part here. And here we know that criminal justice wasn't prejudiced, and we know that the state didn't care about public availability because the state itself published these materials in the pre-sentence investigation report. Is Savage the only case that's addressed this issue? I think it's the only one that's addressed it directly. The Supreme Court has not directly addressed the interpretation of this part of the rule, and neither has any other district. I believe that's correct. And we're asking this court to repudiate the ruling in Savage that this is not a proper reading of 415C. The proper reading of 415C would allow the defense attorney to use the discovery materials for the purpose they were intended, to prepare for trial. The defendant in this case and the attorney got together and decided it was best to study these materials and assist the attorney in the defense. And we know that there was harm here because in those police reports, there's a statement by one of the police officers in his report that he found materials scattered on the floorboard of the vehicle. He took that scattered material and stuffed it into a single bag. And when the expert testified as to why these materials that the defense wanted to have fingerprinted to prove the defendant never touched them, why these materials were destroyed, he said it's because they were all in the bag and contaminated. Well, it was the police officers who contaminated it. And yet the defense attorney was not aware of that. He hadn't read the police reports carefully enough. This is exactly the kind of thing that someone who has time on their hands and can read something carefully, it's time to read something carefully to find. Is there anything in the record that tells us whether or not the defendant understood the issue you just talked about or didn't understand it as a result of not having these reports in his jail cell? I'm not sure. You're just saying it was there for him to read and figure out? Of course it wasn't. It would have been. That's right. It certainly would have been available for him to read and figure out. But he did have access. In other words, his attorney showed him the discovery, and he read it at some point. Is that right? I'm not sure how much of the record shows how much time he was able to spend with the discovery materials. Of course, if he had been rich. Okay, let me ask it a different way. Is there any record that he did not get to read this report at all? No, I don't believe there's any record that he was kept from ever having a report in his hand. Okay. I'm just trying to figure out how we know from the record that he had no opportunity to decide 2 plus 2 equals 4. Well, we know that the defense attorney had it, and we know the defense attorney read it, and he didn't notice it. He didn't know about the pH scale either. Well, that's also an alternate request for ineffective assistance of counsel, is that counsel failed to find this and confront the witness with the fact that they had contaminated it. So that's an alternate request for relief under the first part of the case. But on the second issue, this is a Sixth Amendment violation, keeping the defendant from studying the discovery materials, when the state itself admits the defendant can have them if they're subpoenaed, the defendant can have them if it's tight and you go to court and give it to him by counsel, the defendant can have it after trial, and the state itself publishes it in the pre-sentence investigation report. There's no purpose to be served by keeping the defendant from having them. Unless there are other points that are on. Thank you, counsel. Your Honors, counsel, may it please the Court, my name is Kelly Stacy, appearing today on behalf of the people. I'd like to start with answering Justice Stewart's question about whether the defendant got to look at the police reports in the case. The record at page 294 indicates that the defendant did see all of those records. The trial judge in this case asked defense counsel when this issue was raised about the defendant being able to possess the police reports, and the defense attorney did tell the judge that the defendant saw all of the materials in the case. There are many valid reasons that a defendant may choose to forego his right to a jury trial and proceed by way of a stipulated bench trial. In this case, the defendant was facing multiple felony counts and extended term sentencing on those counts. He had the possibility of a sentence of up to 30 years in prison. By proceeding by way of stipulated bench trial, the state removed the more serious of the felony charges and proceeded on the least serious of those felony charges, and after the defendant was found guilty, he was sentenced to a non-extended term of four years in prison. I don't believe this was a case where the defendant and the attorney were unaware of how they were proceeding here. I believe this was a calculated trial strategy, and the case law essentially says matters of trial strategy are generally immune from claims of ineffective assistance of counsel. But in addition to minimizing the defendant's exposure to prison time, the defendant was also able to preserve his three objections for appeal. Now the defendant wants to expand the appealable issues. We believe that he has waived all of those issues because he failed to present those in the trial court, and he has to make an objection on the specific reasons he claims are error to allow the trial court to address those. Waiver does apply here where he intended to preserve those three issues. He intended that the state would rely on his agreement to proceed by way of stipulated bench trial, and now he is prohibited from broadening those issues on appeal. And this actually does go beyond just waiver. The defendant intended to receive the benefit of the bargain that he got, and he intended to hold the state to that bargain. By adding these materials to the case on appeal and issues that were never presented at trial, this approach unfairly prejudices the state. This goes beyond an attorney's trial strategy to proceed by way of stipulation because in this case the defendant himself agreed with the strategy. The trial judge asked the defendant if he agreed to forego his right to trial and proceed by way of stipulated bench trial. So if there was any error that was injected into these proceedings, it was invited by the defendant by his choice to proceed in the manner that he did. He went forward with the stipulated bench trial after he lost the motion to suppress the evidence. That's correct. So the strategy you're talking about came after he lost the issue that he wanted to preserve. That's correct. We believe that the judge made the right ruling on denying the motion to suppress. I mean, if the judge would have suppressed the evidence, he probably wouldn't have gone ahead with the stipulated bench trial. No, that's probably true. The case probably would have gone away. So that's not part of the strategy. Do you understand what I'm saying? I think it was a calculated strategy after losing that motion in limine on the destruction of the evidence. So it minimized the defendant's exposure. Plus you've got the eyewitness testimony of the lookout person who agreed to watch for police or whoever else may come up. Obviously, it didn't work out that well because they were caught at the scene. But I believe it was a calculated strategy. It took extended term sentencing out of the equation altogether, and I believe that was a very reasonable trial strategy in this case. It was a calculated strategy, part of which was to preserve the issue now on appeal. I believe that's correct. I believe that's correct. And it was calculated, I believe, to minimize the exposure. It took felony cases off the table, the more serious of those, and it did preserve the issues for appeal. And I think that was the important thing. With regard to the destruction of this evidence, those items that were put into that bag, most of those items were already in that bag. The only thing that Deputy Bullock put in that bag were two black ski masks that he found inside the passenger compartment of the truck. He put in an extra pair of gloves. But those bottles were already in the bag. So any argument about commingling of evidence really is a red herring. It doesn't amount to anything in this case. Are you denying that the defendant wanted to test those? I do not deny that at all. I believe he probably could have wanted to test those items, but I believe they were destroyed because they were dangerous. No, I understand that. You're not denying the position that defense counsel has given us, that they wanted to test those and showed the defendant had no contact with them because they were commingled? They were destroyed because they were commingled with something that was hazardous? I can't say that. I have no reason to dispute that part of it. I do dispute what was in that purple bag, and I think the record effectively does show that those items that were of import were already placed into that bag by the defendant or those with him. But reasonable minds can differ as to what was of import? I guess that's correct. I guess that is correct. The fact is that those dangerous materials did have to be destroyed. The fact also remains that those two propane tanks were in the back of the truck. They were never placed into that purple bag. And anything with regard to the expert testimony of Sergeant Bartoni, everything that defense counsel has talked about today referred to what was contained in that purple bag. Nothing raised at trial or here today refer at all to those propane tanks that had the anhydrous ammonia in them. Those other charges that relate to the other materials that were destroyed, those were dismissed. The only charge that went forward was possession of anhydrous ammonia in an unlawful container. That's the only charge that the defendant was tried on, the only charge he was convicted of. So the defendant's claims about failure to challenge issues that were never raised against him, I believe they failed on their face with regard to ineffective assistance of counsel. And I'd like to conclude by focusing on this court's decision in People v. Taylor. This court held, when a defendant procures, invites, or acquiesces in the admission of evidence, even though the evidence is improper, he cannot contest the admission on appeal. This is because in each of these situations, the state is deprived of the opportunity to cure the alleged defect. I believe this applies directly on point with this case. Had he raised these issues in the trial court, the state would have had the opportunity to bring in a different expert, to bring in additional eyewitness testimony, whatever else they needed to do to prove the case. That's kind of interesting because the allegation is that it was ineffective assistance of counsel not to raise. I see your point. But again, I believe that the decision to proceed this way was a matter of trial strategy. Over and above that, the defendant on the record agreed with this trial strategy. In other words, if we assume, let's assume for a minute it was ineffective assistance. I know you disagree with that. Are you arguing that ineffective assistance waived this issue? I guess I wouldn't be in a position to argue that. What I am arguing is that if there's error here, it is invited error. The state had no chance to try to correct this. I think the only fair way to proceed is to disregard those materials. Again, those are all contained in our motions, and I'm happy to stand on those. But I believe the defendant knew the evidence against him. He had an opportunity to see those police reports. He knew that his friend in the truck was the lookout man. He knew that that person was probably going to testify against him. They were caught on sight. It's not like this was the only evidence against him, and those items that were destroyed didn't have any effect on the trial because he wasn't tried on those charges. Let me ask you a quick question. Do you agree that the pH scales like a ruler or a Fahrenheit thermometer? That's an interesting question. I've intentionally avoided that. Have you found anything that says the pH scale is anything different? I have not, but I will also admit to you I didn't do a whole lot of investigating on that. If counsel says that that is correct on the pH, I have no reason to dispute that. My only issue is it didn't amount to anything on this case because those charges were dismissed anyway. Thank you, Your Honor. The touchstone for ineffective assistance of counsel is reliability of the outcome, and here the witness, crucial witness, who had this material destroyed was not properly confronted. So there's no way that the suppression hearing was reliable. With the suppression hearing being unreliable and that transcript forming the corpus of the evidence at the trial, the trial was not reliable. The State argues that because this material wasn't presented, it prevents the issue from being raised, but the failure of trial court to use material like this doesn't prevent the issue from being presented. It is the issue that is presented. The trial counsel failed to confront the witness with the weakness, and there's no way the State can get around that. That's just how the case shook out. Another problem with the State's presentation is their argument right at the end there about the evidence. They are arguing that this error was harmless because there was sufficient evidence to prove the defendant guilty beyond a reasonable doubt. That's not the issue here. If you have someone who's got one hand tied behind their back, you don't ask whether they lost the fight. That's not a reasonable question. You have to ask what would have happened if they hadn't had the hand tied behind their back. This court needs to look at the evidence in the light most favorable to the defendant as well as in the light most favorable to the State. This court is obliged to take a look at all of the evidence to see whether there's a reasonable likelihood of some alternative outcome. And it's easy to see that here because the judge said that this was a very close case, that a powerful argument had been made for suppression. If a small change in the evidence was made, the judge would have ruled the other way. At least there's a reasonable likelihood. And that's all that's required to prove an effective assistance of counsel. That's been amply established here. The State's expert did not testify that there were 20 points in the pH scale because reasonable lines could differ on that question. He testified to that for some other reason. We don't know what that reason is because counsel didn't do his job. And that was the basis for the destruction of the evidence. Concerning this business about what is in the purple bag, I believe that this record clearly shows that there were a couple, quote, a couple of bottles in that purple bag. There were three bottles found in that bag later. And it's ambiguous as to what was found on that floorboard. All we know is that there was additional materials. And those materials were stuffed in the bag and it was all destroyed. And it was all destroyed because the police were the ones who contaminated it. And they had an expert get up on the stand and said that something at the level of lemon juice was toxic and had to be handled as hazardous waste material. And if the judge had known differently, he would have ruled differently. So what specifically is the remedy you're requesting? Vacate the conviction, remand for a new hearing on the motion to suppress the evidence? No. We'd ask the court to reverse the conviction and remand this case for a new trial because the trial was not reliable. A new trial on all charges. That's right. That's right. And then, well, the state decides to revisit it. And then the ineffective assistance of counsel for the suppression hearing would stand separately if this court were to determine that for some reason it was not proper, that the trial was reliable. Well, if we determined that there was ineffective assistance of counsel at the hearing to suppress the evidence because the expert was not properly challenged. I don't see another alternative. And, of course, he gets a new hearing on that, right? Yes, he would get a new hearing on that. But I can't see how the results of the trial could be found to be reliable if that was also the evidence that was used at trial. The state relied on that evidence at trial. If the results of the suppression hearing aren't reliable, the results of the trial are not reliable because the state's… Well, we can't get back to the suppression hearing unless the conviction is vacated anyway, right? Yes, that's true. Well, yes, I suppose that is true. Okay. Thank you, counsel. I appreciate the briefs and arguments of counsel. I take this case to my side. I believe there are no other cases more likely this morning. This court is adjourned at 1 o'clock. All rise.